No. 764

POPKE v. HOFFMAN

Ohio Appeals, 6th Dist., Erie Co.

No. 223. Decided April 16, 1926.

715. LIBEL AND SLANDER—One who in good faith communicates to a police officer, information concerning an alleged law violation, is not liable in damages for libel and slander.

RICHARDS, J.

Daniel Hoffman brought this action in the Erie Common Pleas to recover from Maude Popke for alleged libel and slander. Hoffman alleges that Popke pointed him out to a police officer as being a bootlegger and that she wrote a letter making the same charge. Hoffman was not named in the letter, but the court admitted testimony to show that Popke referred to him. On error proceedings in the Court of Appeals, the holding was:

1. As the information was given in good faith to a police officer such communication was privileged and no action could be based thereon.

2. Malice must be shown in a charge of this nature, and the burden of proving same in on plaintiff.

3. As the letter was also written in good faith it also was privileged.

4. If she had reason to believe that Hoffman was violating the law, she had a right, in good faith, to make a report of such violation without being liable in damages therefor.

Judgment of Common Pleas reversed and cause remanded for new trial.

Attorneys—Young & Young, Norwalk, for Popke; J. F. Hertlein and Geo. C. Beis, Sandusky, for Hoffman.